**AFFIRM; and Opinion Filed January 30, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01301-CV

**SIGN EFFECTS SIGN COMPANY, LLC, Appellant**
**V.**
**SIGNWAREHOUSE.COM, Appellee**

**On Appeal from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. CV12-0511**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Lang-Miers

Appellant Sign Effects Sign Company, LLC appeals from an order vacating a default judgment appellant obtained in Ohio against appellee SignWarehouse.com. On appeal appellant argues that the trial court erred when it concluded that the Ohio court that rendered the default judgment did not have personal jurisdiction over appellee. We affirm.

### BACKGROUND

Appellant, an Ohio company with its principal place of business in Ohio, purchased equipment from appellee, a Texas company with its principal place of business in Texas. Appellant later filed suit against appellee in Ohio for breach of contract and breach of warranty relating to the equipment appellee sold to appellant. In 2006 appellant obtained a default judgment against appellee in Ohio for $21,692.50 plus $225 in court costs.

In 2012 appellant filed a petition to domesticate foreign judgment in Grayson County, Texas, asking that the Ohio default judgment "be designed as a Texas Judgment for the purposes of enforcement and collection." In response, appellee filed a "Motion to Vacate Foreign Judgment; for Non-recognition of Foreign Judgment; and for New Trial," along with supporting evidence. In its motion appellee argued that the Ohio court that rendered the default judgment did not have personal jurisdiction over appellee. Appellant did not respond to appellee's motion. The trial court granted appellee's motion and vacated the Ohio judgment. At appellant's request, the trial court also issued written findings of fact and conclusions of law.

### ISSUE ON APPEAL

In its second amended brief appellant argues that the Ohio court had personal jurisdiction over appellee because appellee shipped goods to Ohio. Appellant also argues that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice because "enforcement of the Ohio Judgment in Texas would not be unfair."

### ANALYSIS

The United States Constitution requires that full faith and credit be given in each state to the public acts, records, and judicial proceedings of every other state. U.S. CONST. art. IV, § 1. In Texas, enforcement of foreign judgments is governed by the Texas version of the Uniform Enforcement of Foreign Judgments Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 35.001–.008 (West 2008); *Ward v. Hawkins*, 418 S.W.3d 815, 821 (Tex. App.—Dallas 2013, no pet.). When a judgment creditor files an authenticated copy of a foreign judgment, the judgment creditor satisfies its burden to present a prima facie case for enforcement of the judgment. *Ward*, 418 S.W.3d at 821. The burden then shifts to the judgment debtor to prove by clear and convincing evidence why the sister state's judgment should not be given full faith and credit. *Id.* at 821–22. A well-established exception to the requirement that a foreign judgment be afforded

full faith and credit is the defense that the sister state lacked personal jurisdiction over the judgment debtor. *See id.* at 822; *see also Mindis Metals, Inc. v. Oilfield Motor & Control, Inc.*, 132 S.W.3d 477, 484 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (listing exceptions).

We review a trial court's order vacating a foreign judgment for an abuse of discretion. *Peters v. Top Gun Exec. Grp.*, 396 S.W.3d 57, 61 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Ward,* 418 S.W.3d at 824. We apply the abuse of discretion standard recognizing that the law required the trial court to give full faith and credit to the Ohio judgment unless appellee established an exception. *Ward,* 418 S.W.3d at 824. The determination of whether a judgment debtor established an exception generally involves a factual inquiry, not resolution of a question of law. *Id.* But whether a court has personal jurisdiction over a defendant is a question of law. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). The trial court has no discretion in applying the law to the established facts. *Ward,* 418 S.W.3d at 824. Therefore, we review the record to determine whether the trial court misapplied the law to the established facts when it concluded that appellee established an exception to the full faith and credit doctrine. *See id.*

The Due Process Clause of the Fourteenth Amendment limits the power of a state to assert personal jurisdiction over a nonresident defendant. *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., Solano Cnty.*, 480 U.S. 102, 108 (1987). The Due Process Clause protects a party from being subject to the binding judgments of a forum with which the party has established no meaningful contacts, ties, or relations. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). Under the Due Process Clause, personal jurisdiction over a nonresident defendant is constitutional when the nonresident defendant has established minimum contacts with the forum state and the exercise of jurisdiction comports with

traditional notions of fair play and substantial justice. *Burger King*, 471 U.S. at 476; *Int'l Shoe*, 326 U.S. at 316, 320.

The only fact that appellant relies upon to support the exercise of personal jurisdiction over appellee in Ohio is the fact that appellee shipped the goods at issue from Texas to Ohio. As a result, specific jurisdiction is the only basis of jurisdiction alleged. When specific jurisdiction is alleged, the minimum-contacts test focuses on the relationship among the defendant, the forum state, and the litigation. *Lensing v. Card*, 417 S.W.3d 152, 156 (Tex. App.—Dallas 2013, no pet.). Specific-jurisdiction minimum contacts are present if (1) the defendant has purposefully availed itself of the privilege of conducting activities in the forum state, and (2) there is a substantial connection between the defendant's forum contacts and the operative facts of the litigation. *Id.* Three principles guide the minimum-contacts analysis. *Id.* at 155. First, we must disregard any forum contacts by the defendant that resulted solely from the unilateral activity of another party or a third person. *Id.* at 156. Second, the defendant's contacts with the forum state must be purposeful rather than random, isolated, or fortuitous. *Id.* And third, the defendant must have sought some benefit, advantage, or profit from its forum-directed activities and invoked the benefits and protections of the forum's laws. *Id.* In short, the defendant's actions must justify a conclusion that it could reasonably anticipate being called into the courts of the forum state. *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 338 (Tex. 2009).

Appellant does not cite or discuss any evidence in the record.[1] But according to the uncontroverted affidavit of appellee's vice president, the transaction at issue in this case was initiated by appellant, probably by telephone:

---

[1] Due to various deficiencies, including the lack of record citations, we instructed appellant to file an amended brief that complied with the Texas Rules of Appellate Procedure. In response, appellant filed a second amended brief that states "*See* Findings of Fact and Conclusions of Law (Clerk's Record)" in two places, but does not include citations to any pages within the clerk's record. In addition, although appellant cites a few cases for general propositions of law relating to personal jurisdiction, appellant does not provide any argument or analysis of how any particular case applies to the facts of this case. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *see also Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d

–4–

Regarding the transaction with Sign Effects, that transaction was solicited and initiated by Sign Effects. At the time, my company's only form of attracting business was a company website. Potential customers could check our products on our website and could submit orders either through the website or via telephone. The vast majority of equipment sales were made following telephonic orders from potential customers. It was very rare for any customer to order products directly through our website. The Sign Effects order was ultimately filled in our facility in Grayson County, Texas, and was shipped to Sign Effects via a commercial carrier. Any further contact regarding that transaction was initiated by Sign Effects. At no time did any representative, employee or agent of our company set foot in the State of Ohio regarding the Sign Effects transaction. Our company did not directly market any products to Sign Effects (or any other person or entity in Ohio) in any manner.

Appellee's vice president also attested that the parties agreed that any litigation would occur in Texas:

Attached hereto as Exhibit 1 (2 pages) is a true and correct copy of the invoice and sales contract which we sent to Sign Effects when Sign Effects purchased equipment from us. . . . The agreement contains the following provisions:

*Place of performance*: Any matters relating hereto shall be interpreted and construed in accordance with the laws of the State of Texas and venue for any actions arising hereunder shall be had only in Sherman, Grayson County, Texas. . . .

The jurisdictional facts in this case are analogous to the facts in *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777 (Tex. 2005). In *Michiana* a buyer in Texas purchased an RV from an outlet company located in Indiana called Michiana Easy Livin' Country. *Id*. at 781. The evidence showed that the buyer called Michiana, bought the RV, and had it shipped to him in Texas. *Id*. at 784. The sales contract signed by the parties stated that any litigation would occur in Indiana. *Id.* at 792. The buyer later sued Michiana in Texas for breach of contract and other claims. In response, Michiana filed a special appearance arguing that it was not amenable to personal jurisdiction in Texas. *Id*. The Texas Supreme Court agreed. In discussing the relevant factors the court noted that the single contact in that case was initiated by the buyer. *See*

893, 896 (Tex. App.—Dallas 2010, no pet.) ("References to sweeping statements of general law are rarely appropriate."). Nevertheless, because the clerk's record is less than 60 pages, and we are able to discern the narrow issue we are asked to decide, we have elected not to dismiss this appeal for inadequate briefing.

*id*. at 786–87.  The court also noted that the forum selection clause stating that any litigation would occur in Indiana "suggests that no local availment was intended."  *Id*. at 792–93.

In this case, (1) the dispute arose from a single contact initiated by appellant in Ohio to appellee in Texas, and (2) the parties agreed that disputes would be resolved in Texas.  Based on the relevant factors outlined above, we conclude that the evidence in this case demonstrates that appellee has not established minimum contacts with Ohio to support the exercise of specific jurisdiction over appellee.[2]

## CONCLUSION

Under the facts of this case we conclude that appellee was not amenable to personal jurisdiction in Ohio.  As a result, the trial court did not abuse its discretion when it granted appellee's motion to vacate the Ohio judgment.  We affirm the trial court's order.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

121301F.P05

---

[2] Appellee argues on appeal that the order in this case should be affirmed because appellant did not challenge the trial court's conclusion that "jurisdiction of the underlying case was only proper in Texas" due to the forum selection clause.  Although appellant did not expressly address that particular conclusion, appellant implicitly challenged that conclusion by arguing that jurisdiction was proper in Ohio.  Moreover, the supreme court explained in *Michiana Easy Livin' Country* that a forum selection clause is not dispositive of a jurisdictional analysis.  *See Michiana Easy Livin' Country*, 168 S.W.3d at 792 ("Generally, a forum-selection clause operates as consent to jurisdiction in one forum, not proof that the Constitution would allow no other.").



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SIGN EFFECTS SIGN COMPANY, LLC,
Appellant

No. 05-12-01301-CV      V.

SIGNWAREHOUSE.COM, Appellee

On Appeal from the 15th Judicial District
Court, Grayson County, Texas
Trial Court Cause No. CV12-0511.
Opinion delivered by Justice Lang-Miers.
Justices Bridges and Myers participating.

    In accordance with this Court's opinion of this date, the trial court's order signed August 17, 2012, granting appellee SignWarehouse.com's motion to vacate foreign judgment is **AFFIRMED**.

    It is **ORDERED** that appellee SignWarehouse.com recover its costs of this appeal from appellant Sign Effects Sign Company, LLC.


Judgment entered this 30th day of January, 2015.